342 So.2d 60 (1976)
Norman STEPHENSON et al., Appellants,
v.
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, State of Florida, Appellee.
No. 49305.
Supreme Court of Florida.
November 30, 1976.
Rehearing Denied February 28, 1977.
Allan P. Clark of Caven & Clark, Jacksonville, for appellants.
Robert A. Chastain and Leslie McLeod, Jr., Tallahassee, for appellee.
ROBERTS, Justice.
We have for review by direct appeal the decision of the District Court of Appeal, First District, in Stephenson et al. v. Department of Agriculture and Consumer Services reported at 329 So.2d 373, which passes on the constitutional validity of Section 570.15, Florida Statutes (1975), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
The decision of the District Court under review succinctly states the pertinent facts relative to this appeal. "By their complaint, appellants contend in the trial court that appellee, the Department of Agriculture and Consumer Services of the State of Florida, was without statutory or constitutional authority to require their trucks to *61 stop at appellee's road-guard stations for agricultural inspections, alleging their trucks do not carry agricultural products. They sought an injunction to prevent appellee from requiring their trucks to stop. The trial judge, in his order denying appellants' motion for summary judgment, pointed out that the Supreme Court of Florida in Johnson v. State, [99 Fla. 1311], 128 So. 853 (1930), upheld the constitutionality of the citrus inspection code saying:
`The protection of a large industry constituting one of the great sources of the state's wealth and therefore directly or indirectly affecting the welfare of so great a portion of the population of the state is affected to such an extent by public interest as to be within the police power of the sovereign.'
"The trial court then found that the appellee's actions to ascertain what agricultural products, if any, appellants are transporting have been reasonable and no abuse of discretion has been shown. The trial court further pointed out that the agricultural inspection laws are `regulations designed to promote the public health, safety and welfare in order to determine whether there has been compliance with prescribed standards.' The court made the further affirmative finding:
`It is within the police power of the state to cause to stop for inspection all trucks operating on the public highways.'"
The statutes under consideration authorizing appellee to require appellants' trucks to stop for agricultural inspections are Sections 570.15 (which was amended after the trial court's order) and 570.44(3), Florida Statutes. Since appellants sought prospective relief by their action for declaratory judgment, the District Court of Appeal, First District, considered the law as it existed at the time of the appeal rather than at the time of the entry of the order appealed.
The subject statutory provisions provide:
"570.44(3) BUREAU OF ROAD GUARDS.  It shall be the duty of this bureau to operate and manage those road guard inspection stations of the state and to perform the general inspection activities relating to the movement of agricultural, horticultural, and livestock products and commodities as directed by the department and the division director.
"570.15 Access to places of business and vehicles.
"(1)(a) The commissioner, assistant commissioner, directors, counsel, experts, chemists, agents, inspectors, road-guard inspection special officers, and other employees and officers at the department shall have full access at all reasonable hours to all:
1. * * *
2. * * *
3. * * *
4. * * *
5. * * *
6. Trucks;
7. Motor vehicles, other than private passenger automobiles with no trailer in tow or any vehicles bearing an RV license tag;
8. Truck and motor vehicle trailers;
9. * * *
10. All records pertaining thereto; used in the production, manufacture, storage, sale or transportation within the state of any food product; any agricultural, horticultural, or livestock product; or any article or product with respect to which any authority is conferred by law on the department.
(b) If such access be refused by the owner, agent, or manager of such premises or by the driver of such aforesaid vehicle, the inspector or road-guard inspection special officer may apply for a search warrant which shall be obtained as provided by law for the obtaining of search warrants in other cases, or may conduct a search of any of the aforesaid vehicles without a warrant pursuant to s. 933.19.
(c) * * *
(2) It shall be unlawful for any truck or any truck or motor vehicle trailer to pass any official road-guard inspection station without first stopping for inspection. *62 A violation of this subsection shall constitute a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."
Affirming the trial court, the District Court of Appeal opined, and we agree:
"Appellee has full authority under the police power of the State of Florida to conduct agricultural inspections of the vehicles mentioned in the above statutes provided such inspections are made pursuant to the terms of said statutes. The inspections are necessary in order that appellee may carry out its responsibilities relating to disease control, fruit and vegetable grading and other similar matters required by law, appellee's regulations and federal marketing orders. Under subsection (2) of section 570.15 above, all trucks and motor vehicle trailers [not limited to those mentioned in subsection (1)] are required to stop at appellee's road-guard inspection stations for inspection. Unless such a vehicle stops at the station, it cannot be determined by the inspectors whether or not it is being used for transportation of `any food product, any agricultural, horticultural, or livestock product; or any article or product with respect to which any authority is conferred by law on the department.' Upon stopping, the majority of operators of such vehicles will probably have no objection to such an inspection and will consent to same; but as provided in the statute, if access is refused, the vehicle may not be searched without the inspector obtaining a search warrant or without a legal basis for search without a warrant pursuant to established law. Such in no way impairs appellants' right to be free from unreasonable search and seizure, their right to due process of law, or their right to equal protection of the law. We do not find that it violates any constitutional right of appellant.
"From the record it appears that appellee has a procedure whereby a concern may qualify for a permit through which its trucks, upon stopping, will be given clearance through exhibiting their bills of lading, but appellants have not sought to avail themselves of this procedure.
* * * * * *
"The inspections authorized by statute in the case sub judice fall in a different category. Agricultural inspections appear to be more nearly akin to drivers' license checks than detentions for criminal investigations, but we have found no authority and none has been cited to us dealing with agricultural inspections of motor vehicles.
"It is our view that the requirement of the foregoing statute that all trucks and trailers stop at the inspection stations of appellee for agricultural inspection is entirely reasonable and is a valid exercise of the police power of the state. The stopping of a vehicle for such purpose is not a search and is not an unreasonable seizure. Only unreasonable searches and seizure are prohibited by the Fourth Amendment."
Accordingly, the decision of the District Court of Appeal, First District, is hereby affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only, with concurring opinion.
HATCHETT, J., concurring.
I concur on the authority of United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).