370 So.2d 42 (1979)
William Harris SHARPE, Appellant,
v.
STATE of Florida, Appellee.
No. II-183.
District Court of Appeal of Florida, First District.
April 17, 1979.
Rehearing Denied May 21, 1979.
Virlyn B. Willis, Jr., Lake City, for appellant.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellee.
BOOTH, Judge.
This cause is before the Court on appeal from the judgment of the Circuit Court, Hamilton County, entered on a jury verdict finding Sharpe guilty of possession of more than 100 pounds of cannabis, and sentencing him to five years imprisonment and a ten thousand dollar ($10,000) fine. He urges as error the trial court's failure to suppress evidence taken in a search of his truck.
*43 The facts are that Sharpe stopped his rental truck at an agricultural inspection station on an interstate highway, but when told by a uniformed inspector that he wished to inspect the vehicle, Sharpe advised that his girlfriend had the key to the lock securing the rear door of the truck and she was driving another vehicle ahead of him on the highway. The inspector asked Sharpe what was in the truck and Sharpe answered that he had some furniture from his girlfriend's apartment. The inspector then requested Sharpe to pull his truck over to the dock and wait. At one point, the inspector suggested that if Sharpe couldn't get the truck open, and if his girlfriend didn't come back, that he could get a hammer for Sharpe to break the lock. Sharpe stated it was a new lock that he didn't want to break. He indicated his girlfriend would come back. At no time did Sharpe refuse to allow the truck to be searched.
Some minutes later the inspectors noticed that the back of the truck was open and Sharpe was standing next to it. One of the inspectors went over and looked inside the truck and observed furniture and an old motorcycle. Shortly after he entered the back of the truck to look further, he heard another inspector call that Sharpe was gone. Sharpe was seen running across an open field. At that point all inspection of the vehicle was stopped. The inspectors contacted the highway patrol and the sheriff's office. Shortly thereafter, Sharpe was taken into custody. A deputy drove the truck from the inspection station to the jail, where the truck was searched and the cannabis discovered.
Sharpe contends that despite the requirement of Florida Statute section 570.15(1)(a) that specified vehicles stop at agricultural inspection stations, the inspectors must allow such vehicles to pass uninspected absent a reasonable suspicion that agricultural products are being transported. It is his position that when he told the inspector that his vehicle contained furniture, and the inspector had no reason to suspect otherwise, the inspector should have let his vehicle pass. Finally, he contends that he did not abandon his truck and therefore the search carried out by the sheriff's officers was illegal because it was done without a search warrant and without his valid consent. We must disagree with Sharpe's reasoning.
Florida Statute 570.15 provides in pertinent part as follows:
"(1)(a) The commissioner, assistant commissioner, directors, counsel, experts, chemists, agents, inspectors, road-guard inspection special officers, and other employees and officers of the department shall have full access at all reasonable hours to all:
* * * * * *
6. Trucks;
7. Motor vehicles, other than private passenger automobiles with no trailer in tow or any vehicles bearing an RV license tag;
8. Truck and motor vehicle trailers;
* * * * * *
used in the production, manufacture, storage, sale, or transportation within the state of any food product; any agricultural, horticultural, or livestock product; or any article or product with respect to which any authority is conferred by law on the department.
(b) If such access be refused by the owner, agent, or manager of such premises or by the driver of such aforesaid vehicle, the inspector or road-guard inspection special officer may apply for a search warrant which shall be obtained as provided by law for the obtaining of search warrants in other cases, or may conduct a search of any of the aforesaid vehicles without a warrant pursuant to s. 933.19.
(c) Such departmental officers, employees, and road-guard inspection special officers may examine and open any package or container of any kind containing or believed to contain any article or product which may be transported, manufactured, sold, or exposed for sale in violation of the provisions of this chapter, the rules of the department, or the laws which the department enforces and may *44 inspect the contents thereof and take therefrom samples for analysis.
(2) It shall be unlawful for any truck or any truck or motor vehicle trailer to pass any official road-guard inspection station without first stopping for inspection. A violation of this subsection shall constitute a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."
Section 570.151 provides as follows:
"The department may appoint road-guard inspection special officers of sufficient number to carry out the duties of the department relating to road-guard inspection as prescribed in this section. Said officers shall be known as road-guard inspection special officers ...
* * * * * *
All such special officers shall have power and authority to make arrests, with or without warrants as provided in s. 570.15, for violations of law committed within the jurisdiction of s. 570.15 to the same extent and under the same limitations and duties as do peace officers under the provisions of chapter 901, and all such special officers shall have the right and authority to carry arms while on duty, provided such officers shall meet the requirements of the Police Standards and Training Commission established under s. 943.11 ..."
The State in the reasonable exercise of its police power has required agricultural inspections of specified vehicles operated on the highways of the State. In Stephenson v. Department of Agriculture and Consumer Services, 329 So.2d 373 (Fla. 1st DCA 1976), affirmed 342 So.2d 60 (Fla. 1976), this Court so held and ruled further:
"The inspections are necessary in order that appellee [Department of Agriculture and Consumer Services] may carry out its responsibilities relating to disease control, fruit and vegetable grading and other similar matters required by law, appellee's regulations and federal marketing orders. Under subsection (2) of section 570.15 above, all trucks and motor vehicle trailers [not limited to those mentioned in subsection (1)] are required to stop at appellee's road-guard inspection stations for inspection. Unless such a vehicle stops at the station, it cannot be determined by the inspectors whether or not it is being used for transportation of `any food product, any agricultural, horticultural, or livestock product; or any article or product with respect to which any authority is conferred by law on the department.' Upon stopping, the majority of operators of such vehicles will probably have no objection to such an inspection and will consent to same; but as provided in the statute, if access is refused, the vehicle may not be searched without the inspector obtaining a search warrant or without a legal basis for search without a warrant pursuant to established law. Such in no way impairs appellants' right to be free from unreasonable search and seizure, their right to due process of law, or their right to equal protection of the law. We do not find that it violates any constitutional right of appellant." (329 So.2d at page 376)
The Supreme Court affirmed the Stephenson decision, quoting an earlier decision,[1] holding (342 So.2d 60, 61):
"The protection of a large industry constituting one of the great sources of the state's wealth and therefore directly or indirectly affecting the welfare of so great a portion of the population of the state is affected to such an extent by public interest as to be within the police power of the sovereign."
Sharpe's contention that the agricultural inspectors should have limited their inspection of his truck to a few questions and a plain view search is devoid of merit. He was driving a two-ton rental truck with a large fully enclosed cargo area of the type customarily used as testified to by the inspectors, to haul fruit and tomatoes. The nature of the truck precluded any plain view inspection and, therefore, it was necessary for the inspector to look inside the *45 truck's cargo area in order to perform his duty of inspecting for agricultural products. Therefore, we find that Sharpe's detention at the road-guard station was reasonable.
We find that Sharpe consented to the inspection of his truck and opened the truck of his own volition, State v. Drake, 343 So.2d 1336 (Fla. 1st DCA 1977), and that his arrest was lawful following his having fled the scene after an inspection of the truck began. City of Miami v. Nelson, 186 So.2d 535 (Fla.3d DCA 1966); Florida Statute sections 570.151, 901.15.
Finally, we agree with the trial court that defendant abandoned his truck at the road-guard station. The subsequent impoundment of the abandoned truck was also reasonable, Mattson v. State, 328 So.2d 246 (Fla. 1st DCA 1976), and the seizure of the evidence contained therein not improper. State v. Jackson, 240 So.2d 88 (Fla.3d DCA 1973); State v. Nittolo, 317 So.2d 748 (Fla. 1975).
We have considered Sharpe's remaining points and find them without merit. Accordingly, the judgment and sentence appealed are AFFIRMED.
SMITH, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] Johnson v. State, 99 Fla. 1311, 128 So.2d 853 (Fla. 1930).