The Honorable Nevin Smith Secretary Department of Administration 435 Carlton Building Tallahassee, Florida 32301
Dear Secretary Smith:
This is in response to your request for an Attorney General Opinion on the following question:
 IF, UNDER THE PROVISIONS OF SECTION 110.207, FLORIDA STATUTES, THE DEPARTMENT OF ADMINISTRATION MAKES THE DECISION TO ABOLISH THE SINGLE AGENCY CLASSES OF AGRICULTURAL INSPECTION OFFICER AND AGRICULTURAL INSPECTION OFFICER SUPERVISOR AND PLACE THE POSITIONS IN THOSE CLASSES IN THE MORE GENERAL CLASSIFICATIONS OF LAW ENFORCEMENT OFFICER AND LAW ENFORCEMENT SERGEANT WHICH ENCOMPASS LAW ENFORCEMENT POSITIONS FROM SEVERAL STATE AGENCIES HAVING SEVERAL DIFFERENT STATUTORY LAW ENFORCEMENT POWERS, WILL SUCH ACTION BY THE DEPARTMENT OF ADMINISTRATION NEGATE THE ABILITY OF THE DEPARTMENT OF AGRICULTURE TO CARRY OUT ITS RESPONSIBILITY UNDER SECTION 570.15, FLORIDA STATUTES?
Your letter and information furnished with your opinion request indicate that there is some concern that the proposed consolidation of the classes of agricultural inspection officer and agricultural inspection officer supervisor with the more general classes of law enforcement officer and law enforcement sergeant could hinder these employees in the performance of their duties in making searches under s 570.15, F.S.
Supplemental information from the Florida Department of Agriculture and Consumer Services reveals that, effective January 1, 1984, a class consolidation occurred which incorporated road guard inspection special officers into the class of agricultural inspection officers and road guard supervisors into the class of agricultural inspection officer supervisors. Therefore, while ss570.15 and 570.151, F.S., continue to refer to "road guard inspection special officers," the individuals currently holding these positions are designated agricultural inspection officers.
Initially, I consider it appropriate to note that the duties and powers of agricultural inspection officers (formerly road guard special inspection officers) are narrowly defined in Ch. 570, F.S. Pursuant to the provisions of s 570.15(1)(a), F.S., agricultural inspection officers and other specified officers and employees of the Department of Agriculture shall have full access at all reasonable hours to (among other things) all trucks, motor vehicles (except private passenger automobiles with no trailer in tow, travel trailers, camping trailers, and motor homes as defined in s 320.01[1][b], F.S.), and truck and motor vehicle trailers which are used or are of a type which could be used in the production, manufacture, storage, sale or transportation within the state of any food product, agricultural, horticultural or livestock product or any product or article with respect to which any authority is conferred by law on the department. Such officers are also granted full access to all records or documents pertaining to such vehicles. If access is refused to any vehicle which an agricultural inspection officer believes to be subject to inspection under s 570.15, F.S., the officer may apply for, obtain and execute a search warrant for regulatory inspection after making, under oath, statements as set forth in this section. The provisions of Ch. 933, F.S., relating to probable cause for the issuance of search warrants do not apply to search warrants for regulatory inspection. Section 570.15(1)(b), F.S. Agricultural inspection officers may inspect any premises or vehicle referred to in paragraph (a) and may examine and open any package or container of any kind which contains or is believed to contain any article or product which may be transported, manufactured, sold or exposed for sale in violation of Ch. 570, F.S., the rules of the department or laws which the department enforces. Such officers may inspect the contents of any such package or container and take samples therefrom for analysis. Section 570.15(1)(c), F.S. Pursuant to s 570.15(2), F.S., it is unlawful for the driver of any vehicle (other than those exempted as described herein) to pass any official road guard inspection station without first stopping and submitting the vehicle for inspection. A violation of this provision constitutes a second degree misdemeanor. Section 570.151(2), F.S., in pertinent part reads as follows:
 All such special officers (now agricultural inspection officers) shall have power and authority to make arrests, with or without warrants as provided in s. 570.15, for violations of law committed within the jurisdiction of s. 570.15 to the same extent and under the same limitations and duties as do peace officers under the provisions of chapter 901; and all such special officers shall have the right and authority to carry arms while on duty, provided such officers meet the requirements of the Criminal Justice Standards and Training Commission established under s. 943.11. The compensation of such special officers shall be fixed and paid in accordance with the state classification and pay plan for career service employees.
The definition of "law enforcement officer" is set forth in s943.10(1), F.S., which provides, inter alia, that the phrase "means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state." (e.s.)
A comparison of these two statutory sections reveals that the agricultural inspection officers' duties do not fall substantially within the descriptive language quoted immediately above, i.e., such officers do not have primary responsibility for the prevention and detection of crime or the enforcement of the penal, criminal, traffic or highway laws of the state. Cf., AGO 76-99 in which it was stated that road guard inspection officers were not engaged in the "prevention and detection of crime or the enforcement of the penal, traffic, or highway laws" and did not perform the functions of police officers or law enforcement officers as contemplated by Ch. 943, F.S., or entitled to the benefits of the incentive programs provided in Ch. 943 for law enforcement officers, and therefore were not required to comply with the more extensive training mandated for police officers (or law enforcement officers) as defined in Ch. 943, F.S. Therefore, as the Florida Statutes do not bestow the same responsibilities or powers on agricultural inspection officers as on law enforcement officers (as defined in s 943.10[1], F.S.), it cannot be said that such officers are in fact and law full-fledged peace officers, although vested with the power to make arrests to the same extent as peace officers for violations of s 570.15(2), F.S., or law enforcement officers as defined in s 943.10(1), F.S. Moreover, the proposed class consolidation for purposes of pay and personnel management would appear to be permitted by and in conformity with the last sentence of s 570.151, F.S., which requires compensation of such agricultural inspection officers to be fixed and paid in accordance with the state classification and pay plan for career service employees. The proposed classification plan, if adopted, could not grant to or vest in such inspection officers the powers and duties of law enforcement officers, as defined in Ch. 943, F.S., or in any way convert them into law enforcement officers. Conversely, the proposed reclassification would not seem to hinder these agricultural inspection officers in the performance of any of their statutory duties under ss 570.15 and 570.151, F.S.
Pursuant to s 110.207, F.S., the Department of Administration shall establish and maintain a uniform classification plan which is applicable to all positions in the career service and the department is responsible for the over-all coordination, review, and maintenance of such plan. Section 110.207(1), F.S. As defined in s 110.203(10), F.S., a "classification plan" is a document formally describing the concepts, rules and regulations and class specifications utilized in the classification and reclassification of positions in the career service. The Department of Administration is also charged with the responsibility for developing class specifications for the revision of existing classes. Section 110.207(1)(a), F.S. A "pay plan" is a document which "formally describes the philosophy, methods, procedures, and salary schedule for compensating employees for work performed." Section 110.203(11), F.S. Based on the content of your question it would appear that the positions of agricultural inspection officer and agricultural inspection officer supervisor are single agency classes. See, s 110.203(8), F.S., defining a "single-agency class" as a class utilized exclusively by one state agency. While the Department of Administration does appear to possess the authority pursuant to s 110.207, F.S., to consolidate the class of agricultural inspection officer into the class of law enforcement officer and the class of agricultural inspection officer supervisor into the class of law enforcement sergeant for the purposes of Ch. 110, F.S., and for classification and pay plan purposes as mandated by s 570.151(2), F.S., the department does not appear to possess the authority to impose upon agricultural inspection officers or agricultural inspection supervisors any duties other than those outlined in ss 570.15 and 570.151, F.S., and any actions, including any illegal searches made under the pretext of a regulatory inspection, by such officers outside the scope of s 570.15, F.S., regardless of the job title or classification of the position such inspectors hold, would be ultra vires and subject to challenge in an appropriate judicial proceeding. Cf., Stephenson v. Department of Agriculture and Consumer Services, 329 So.2d 373, 376 (1 D.C.A.Fla., 1976), affirmed, 342 So.2d 60 (Fla. 1976), appeal dismissed, 434 U.S. 803
(1977), rehearing denied, 434 U.S. 960 (1977), in which the court outlined the authority of the department regarding agricultural inspections: "Appellee has full authority under the police power of the State of Florida to conduct agricultural inspections of the vehicles mentioned in the above statutes (ss 570.44[3] and 570.15, F.S. 1975) provided such inspections are made pursuant to the terms of said statutes. The inspections are necessary in order that appellee may carry out its responsibilities relating to disease control, fruit and vegetable grading and other similar matters required by law, appellee's regulations and federal marketing orders." (e.s.)
In sum, it is my opinion that if the Department of Administration abolishes the single agency classes of agricultural inspection officer and agricultural inspection officer supervisor and places the positions in those classes within the more general classifications of law enforcement officer and law enforcement sergeant this action will not negate the ability or the authority of the Department of Agriculture or its agricultural inspection officers to carry out its or their duties and responsibilities under ss 570.15 and 570.151, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General