284 So.2d 377 (1973)
STATE of Florida, Appellant,
v.
Earl L. LINDSAY, Appellee.
No. 42829.
Supreme Court of Florida.
October 24, 1973.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellant.
Rick B. Levinson, Tampa, for appellee.
ROBERTS, Justice.
This appeal has been transferred to us by the Circuit Court of Hillsborough County, pursuant to Florida Appellate Rules 2.1a. (5)(d) and 2.1a. (5)(a), 32 F.S.A., to review the order of the magistrate's court of the County of Hillsborough dismissing criminal charges against the appellee and directly passing upon the validity of Florida Statutes, Section 828.19, F.S.A., thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution, as amended 1973, F.S.A.
Appellee was informed against for contributing to the delinquency of a minor in violation of Florida Statutes, Section 828.19, in that on the 6th day of June, 1972, in Hillsborough County, he "did unlawfully cause and encourage Mary Jo Foster, a female child of the age of sixteen (16) to become delinquent by having unlawful sexual intercourse with the said Mary Jo Foster."
Appellee filed a motion to dismiss the information on the grounds that Florida *378 Statutes (1971), Section 828.19, F.S.A. is unconstitutional as overbroad and void for vagueness. This statute provides, as follows:
"In all cases where any child shall be a dependent or delinquent child, as defined under the laws of Florida, any person who shall by any act encourage, cause, or contribute to the dependency or delinquency of such child, and any parent or legal guardian of such child who shall by neglect of duty as such parent or legal guardian encourage, cause, or contribute to the dependency or delinquency of such child, is guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083; provided the court may suspend sentence for a violation of the provisions of this section and impose conditions as to the conduct, in the premises, of any person so convicted, and made suspension to depend upon the fulfillment by the person of the conditions, and in case of the breach of any conditions, the court may impose sentence as though there had been no suspension. The court may as a condition of suspension, require a bond in such sum as the court may designate, to be approved by the judge requiring the same, to secure the performance by the person of the conditions placed by the court on the suspension; such bond shall by its terms be made payable to the state, and any moneys received for a breach of this or any other section of this chapter shall be paid into the county treasury to the credit of the fine and forfeiture fund or maintenance of children under chapter 39."
The trial judge in dismissing the charge ruled:
"This cause having come on to be heard upon the Defendant's Motion to Dismiss, and the Court being fully advised in the premises and having given careful and due consideration, hereby passes directly upon the validity of Section 828.19 Florida Statutes (1971), and is of the opinion that Section 828.19 Florida Statutes (1971) is unconstitutional, void and of no force or effect because it is vague on its face as it contains no standards by which a Judge or jury can determine guilt, and is therefore an unconstitutional delegation of legislative power to the Judge and jury, as the case may be, in violation of the 5th and 14th Amendments of the Constitution of the United States of America, State v. Hodges [254 Or. 21] 457 P.2d 491 (Oregon 1969), State v. Whitted [254 Or. 31] 457 P.2d 495 (Oregon 1969)."
The aforestated statute provides that the definition for delinquent child should be derived from the general laws of Florida. Florida Statutes (1972), Section 39.01(11),[1] defines delinquent child, as follows:
"(11) `Delinquent Child' means a child who commits a violation of law, regardless of where the violation occurred, except a child who commits a juvenile traffic offense and whose case has not been transferred to the juvenile court by the court having jurisdiction."
Section 39.01(13)(a), (b), Florida Statutes (1972), F.S.A., defines violation of the law, as follows:
"(13)(a) `Violation of law' means violation of any law of the United States, the state, or another state within the United States or a city or town ordinance of a city or town within the United states."
"(b) `Federal law' means a law of the United States."
*379 "Child" is defined by Section 39.01 to mean:
"... any married or unmarried person under the age of seventeen years, or any person who is charged with a violation of law occurring prior to the time that person reached the age of seventeen years."
We disagree with the trial court and find that the statutory provision in question is neither impermissibly vague nor unnecessarily overbroad. The test of vagueness of a statute is whether the language of a statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Zachary v. State, 269 So.2d 669 (Fla. 1972), Newman v. Carson, 280 So.2d 426 (Fla. 1973). This Court in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 884 (Fla. 1972) opined that to make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. The statute must give reasonable notice that a person's conduct is restricted by the statute. Papachristou et al. v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). This Court in its very recent opinion of Newman v. Carson, supra, quoted the following definitive language from Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (1934):
"Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in the opinion above mentioned, `a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.'
"Such seems to be the test approved by the Supreme Court of the United States. Citation of authorities as to what may be considered the exact meaning of the phrase `so vague that men of common intelligence must necessarily guess at its meaning,' so that certain conduct may be considered within or outside the true meaning of that phrase, or what language of a statute may lie within or without it, would be of little aid to us.
"We must apply our own knowledge with which observation and experience have supplied us to determining whether words employed by the statute are reasonably clear or not in indicating the legislative purpose, so that a person who may be liable to the penalties of the act may know that he is within its provisions or not."
In considering the constitutionality vel non of a Jacksonville vagrancy oridnance the Supreme Court of the United States made a recent pronouncement on the standard to be employed to determine vagueness and overbreadth of a statute. That court stated in Papachristou et al. v. City of Jacksonville, supra, at 162-163 of 405 U.S. at 843-844 of 92 S.Ct., the following:
"This ordinance is void for vagueness, both in the sense that it `fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, and because it encourages arbitrary and erratic arrests and convictions. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066.
"Living under a rule of law entails various suppositions, one of which is that `[all persons] are entitled to be informed as to what the State commands or forbids.' Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888.
* * * * * *

*380 "The Jacksonville ordinance makes criminal activities which by modern standards are normally innocent."
The statute presently in question before this Court provides persons with notice of the prohibited acts and is not so broad that it would lead to arbitrary and erratic arrests and convictions. This statute does not purport to punish conduct which by modern standards would be considered innocent.
This Court has previously examined the constitutionality vel non of Section 828.19, Florida Statutes (1959),[2] F.S.A. in 1960 in its decision of State v. Barone, 124 So.2d 490, wherein this Court held that this statute was not unconstitutionally vague. Section 828.19 (1959) and Section 828.19 (1972) vary only as to the severity of the penalty to be imposed upon conviction; otherwise, the language is the same. Examination of the statutory change in Section 39.01(11), Florida Statutes (1959), F.S.A. reveals that all alternative acts in addition to violation of the law that formerly caused a child to be delinquent, to-wit:
"... or is incorrigible; or is a persistent truant from school; or who is beyond the control of the child's parent or other legal custodian; or who associates with criminals, reputed criminals, or vicious or immoral persons; or is growing up in idleness or crime; or whose occupation, behavior, or associations are such as to injure or endanger the welfare of the child or the welfare of others; or who is found in a place predominantly used for selling intoxicating drinks for consumption on the premises."
have been eliminated from the classification of delinquent child. An exception has also since been made whereby violation of a juvenile traffic offense does not constitute delinquency. These changes rather than rendering the statute in question more broad and indefinite, as appellee contended in his motion to dismiss, narrow the scope of the statute and make it more specific. In State v. Barone, supra, at 493, this Court stated:
"The trial court held Section 828.19, Florida Statutes, F.S.A. unconstitutionally vague and indefinite. The fourth count of the information charged the appellees with contributing to the delinquency of an unmarried female person under the age of seventeen years contrary to this section in which `delinquent child' is not defined but reference is made to `as defined under the laws of Florida'. The authorities cited supra supporting the constitutionality of Section 828.21, Florida Statutes, F.S.A., are equally applicable to Section 828.19, Florida Statutes, F.S.A. We hold that the section is sufficiently definite and *381 certain to be capable of enforcement and that the constitutional tests and requirements have been met."
Although the validity vel non of the information has not been raised by parties, we feel impelled by way of caveat to point out what may be a defect in the information. The information filed against appellee is inadequate to state the statutory crime charged. Section 828.19, Florida Statutes, F.S.A., establishes an offense "In all cases where any child shall be a dependent or delinquent child, as defined under the laws of Florida, ...". The information filed against appellee by the county solicitor failed to allege that the female was a "dependent" or "delinquent" child. To the contrary, it only alleges that appellee "... did unlawfully cause and encourage Mary Jo Foster, a female child, to become delinquent by having unlawful intercourse with the said Mary Jo Foster."
Accordingly, we hold that Section 828.19, Florida Statutes, F.S.A., is constitutional and reverse the order of the trial court granting appellee's motion to dismiss and remand this cause to the trial court for further proceedings in accordance with the views herein expressed. Any trial should be conducted pursuant to a properly amended information.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
ERVIN, J., concurs in part and dissents in part with an Opinion.
ERVIN, Justice (concurring in part and dissenting in part):
I agree with the majority that the information fails to follow F.S. Section 828.19, F.S.A., as pointed out in the opinion. However, under that construction of the statute as applied in this case, it is apparent the statute is unconstitutionally vague and uncertain. Also, I agree with the trial judge the statute is without constitutional standards prescribing with certainty the prohibited acts.
NOTES
[1] Chapter 72-179, Laws of Florida, amended Section 39.01, Florida Statutes, F.S.A. to provide an exception to the definition of delinquent child. Chapter 72-404, Laws of Florida, which became effective on the effective date of Senate Joint Resolution 52-D, January 1, 1973, repealed Subsections (2) and (3) of Section 39.01. Therefore, Subsection (11) of Section 39.01 defining delinquent child has now been renumbered as Subsection (9); Subsection (13) has become Subsection (11); and Subsection (6) is now Subsection (4).
[2] Section 828.19, Florida Statutes (1959), provided:

"In all cases where any child shall be a dependent or delinquent child, as defined under the laws of Florida, any person or persons who shall by any act encourage, cause, or contribute to the dependency or delinquency of such child, and any parent or legal guardian of such child who shall by neglect of duty as such parent or legal guardian encourage, cause, or contribute to the dependency or delinquency of such child, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by fine not exceeding one hundred dollars, or imprisonment in the county jail for not more than three months; provided, however, that the court may suspend sentence for a violation of the provisions of this section and impose conditions as to the conduct, in the premises, of any person so convicted, and make such suspension to depend upon the fulfillment by such person of such conditions, and in case of the breach of such conditions, or any thereof, the court may impose sentence as though there had been no such suspension. The Court may also, as a condition of such suspension, require a bond in such sum as the court may designate, to be approved by the judge requiring same, to secure the performance by such person of the conditions placed by the court on such suspension; such bond shall by its terms be made payable to the state, and any moneys received for a breach of this or any other section of this chapter shall be paid into the county treasury to the credit of the fine and forfeiture fund or maintenance of children under this chapter.