370 So.2d 1 (1979)
STATE of Florida, Appellant,
v.
Shallan M. SHAMRANI, Appellee.
STATE of Florida, Appellant,
v.
John Paul CARTER, Appellee.
STATE of Florida, Appellant,
v.
Anthony Edward BENNETT, Appellee.
STATE of Florida, Appellant,
v.
Don Charles ABEL, Appellee.
Nos. 53888, 54036, 54037 and 54066.
Supreme Court of Florida.
March 8, 1979.
Rehearing Denied May 15, 1979.
Jim Smith, Atty. Gen., and Eula Tuttle Mason, C. Marie King and Robert J. Landry, Asst. Attys. Gen., Tampa, for appellant.
Philip J. Padovano, Tallahassee, for Shamrani.
James W. Denhardt of Denhardt & Andringa, St. Petersburg, for Carter.
Robert E. Jagger, Public Defender and Steven H. Mezer, Asst. Public Defender, Clearwater, and Jack O. Johnson, Public Defender, Bartow, for Bennett and Abel.
SUNDBERG, Justice.
In these consolidated appeals from orders of the County Court for Pinellas County, Florida, the facial validity of section 827.04(3), Florida Statutes (1977), is brought into question.[1] Based upon the assertion in motions to dismiss that the statute is unconstitutionally vague and overbroad, the trial court held it invalid. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
It is conceded by the parties that the statute in its present form is substantially *2 the same as its predecessor[2] which together with section 828.19, Florida Statutes (1959), was upheld against an attack for vagueness in State v. Barone, 124 So.2d 490 (Fla. 1960). We do not deem the change in the statutory language eliminating the work "manifestly" or adding the provisions concerning the lack of necessity for an adjudication of delinquency or dependency as being material to the constitutionality of the statute. State v. Barone was cited with approval in State v. Lindsay, 284 So.2d 377 (Fla. 1973), where the 1971 version of section 828.19, Florida Statutes (1971), was assailed for vagueness and overbreadth. Finally, Barone and Lindsay were most recently cited with approval in Bell v. State, 289 So.2d 388 (Fla. 1973), where section 828.21, Florida Statutes (1971), was once again found constitutional as against an assertion of vagueness.
It was stated in State v. Lindsay, 284 So.2d at 380:
The statute presently in question before this Court provides persons with notice of the prohibited acts and is not so broad that it would lead to arbitrary and erratic arrests and convictions. This statute does not purport to punish conduct which by modern standards would be considered innocent.
We are aware of no new wisdom acquired in the intervening five years which would make us conclude that what has heretofore been construed as not being vague or overbroad has suddenly become so. A proper respect for the principle of stare decisis dictates that we not recede from the conclusions reached in these earlier cases.
It was urged in the briefs and at oral argument that one need not knowingly engage in the prohibited conduct to fall within the reach of section 827.04(3), Florida Statutes (1977). We believe it to be implicit in the cited decisions, and we so construe the statute, that the acts proscribed by the law must be performed under such circumstances that a person of common understanding would know that they would cause or tend to cause or encourage or contribute to the delinquency or dependency of a person under the age of eighteen years.[3]
Holding as we do that section 827.04(3), Florida Statutes (1977), is constitutional as construed, the orders of the County Court of Pinellas County, Florida, granting the motions to dismiss are reversed and these cases are remanded to the county court for further proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] § 827.04(3), Fla. Stat. (1977):

"Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child, as defined under the laws of Florida, or which contributes thereto, or any person who shall, by act, threats, commands, or persuasion, induce or endeavor to induce any person under the age of 18 years to do or to perform any act, to follow any course of conduct, or so to live, as would cause or tend to cause such person under the age of 18 years to become or to remain a dependent or delinquent child, as defined under the laws of this state, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. It shall not be necessary for any court exercising juvenile jurisdiction to make an adjudication that any child is delinquent or dependent in order to prosecute a parent or any other person under this section. An adjudication that a child is delinquent or dependent shall not preclude a subsequent prosecution of a parent or any other person who contributes to the delinquency or dependency of the child."
[2] § 828.21, Fla. Stat. (1959):

"Causing minor under eighteen to become delinquent or dependent child. 
(1) Any person who shall commit any act, which causes or tends to cause, or encourage any person under the age of eighteen years to become a delinquent or dependent child, as defined under the laws of Florida, or which act contributes thereto, or any person who shall by act, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of eighteen years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly tend to cause any such person under the age of eighteen years to become or to remain a dependent or delinquent child, as defined under the laws of the state, shall be guilty of a misdemeanor.
(2) Any person convicted of violating this section shall be punished as provided by the laws of Florida for persons convicted of contributing to the dependency or delinquency of children under the age of eighteen years."
[3] In this context, "knowledge" means that there was a substantial and unjustifiable risk that the acts engaged in would cause or tend to cause or encourage delinquency. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

Cf. State v. Winters, 346 So.2d 991 (Fla. 1977) (simple negligence an insufficient basis upon which to ground criminal liability).