SCHEB, Judge.
The state charged Christopher Lynch with possession of controlled substances. Lynch moved to suppress the contraband alleging that it had been taken from his person following an illegal arrest. The trial court agreed and granted the motion. The state appeals and we reverse.
At the suppression hearing only Deputy John Metz testified. He stated that at approximately 1:00 A.M. on November 29, 1978, he arrived at the scene of an accident where an automobile had crashed into a barricade and several trees and had come to rest on the shoulder of the road. A man and a young woman were standing near the wrecked vehicle arguing. The young woman identified herself as Deborah Eash, age sixteen. She said she had been involved in the accident while in the company of appellant, Christopher Lynch, the adult male who was present with her at the scene of the accident.
Deputy Metz testified that Eash appeared to be under the influence of alcoholic beverages, narcotics, or both. He stated that he observed cans of beer, some of which were open, and evidence of marijuana in plain view in the wrecked vehicle. According to the deputy, Lynch explained that while he was the owner of the vehicle which had been involved in the accident, another person had been driving when it crashed. During the course of the investigation, Lynch further stated that he had told the driver of the vehicle to leave the scene. He refused to reveal the driver’s name.
Deputy Metz arrested Lynch for obstruction of justice, and for contributing to the delinquency of a minor. He transported Lynch to the county jail where a search revealed a bag of “quaaludes” in his front pocket.
The trial court granted Lynch’s motion to suppress the contraband on the ground that there was no probable cause to arrest him for contributing to the delinquency of a minor or for obstruction of justice. In so ruling the trial court erred because the evidence at the suppression hearing demonstrated that Deputy Metz had probable cause to arrest Lynch for contributing to the delinquency of Eash.
Determination of probable cause must be based upon practical experience. Skelton v. State, 349 So.2d 193 (Fla.3d DCA 1977); see also Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977). When Deputy Metz came upon Lynch, a man in his mid-twenties at 1:00 A.M., and found him with a female who appeared to be a juvenile and under the influence of alcoholic beverages or narcotic drugs, and who appeared to have been riding with Lynch in a vehicle containing intoxicants and evidence of marijuana in plain view, he had probable cause for the arrest. Eash’s statements corroborated Deputy Metz’ observations.
Lynch correctly points out that merely being in the presence of someone under eighteen years of age would not be a sufficient factual basis for arrest for contribu *831 ting to the delinquency of a minor under Section 827.04(3), Florida Statutes (1977). Here, however, Eash’s condition and the alcoholic beverage and evidence of marijuana, together with Lynch’s presence gave the deputy sufficient basis to arrest Lynch.
Lynch’s counsel objected to Deputy Metz’ testimony concerning Lynch’s statement that he suggested that the driver leave the scene of the accident. The objection was predicated on his contention that such statement was privileged under Section 316.066, Florida Statutes (1977), as made during the course of the deputy’s investigation of the accident. The trial court did not rule on this objection. In view of our conclusion that Deputy Metz had probable cause to arrest Lynch for contributing to the- delinquency of a minor, we need not reach the question of whether he had probable cause to arrest him for obstruction of justice.
Accordingly, we reverse the order of suppression and remand for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.