DANIEL S. PEARSON, Judge.
As was anticipated in Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc) (Pearson, J., specially concurring), we must now confront the problem of an ambiguous agreement between the State and the defendant as to dispositiveness.
In the present case, the defendant was charged with manslaughter by operating a motor vehicle while intoxicated. He filed a series of pretrial motions, which were heard by the trial court during evidentiary hearings conducted on two successive days. The motions which were the subject of these hearings were: (1) a motion to dismiss on the ground, inter alia, that the statutory term “intoxication” is too vague to form the basis for a criminal charge; (2) a motion to dismiss alleging that the State’s destruction of an ampule used in a breathalyzer test administered to the defendant deprived the defendant of the right to test *638 the ampule and uncover potentially exculpatory evidence; (3) a motion to suppress the results of the breathalyzer test on the ground that the test was part of an accident investigation and inadmissible under Section 316.066, Florida Statutes (1979); (4) a motion to suppress statements made by the defendant (a) at the scene of the accident and (b) at the stationhouse after his arrest for manslaughter, on the grounds that these statements were obtained as part of an accident investigation, thus privileged under Section 316.066, Florida Statutes (1979), and were obtained in violation of the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
At the conclusion of the second day of hearings, the trial court denied the defendant’s motions. Specifically preserving his right to appeal from these adverse rulings, the defendant changed his plea to nolo con-tendere. His counsel announced:
“... The State and the defense stipulate that had the motions pending before this Court been granted .. . that the Court heard yesterday and today — such a ruling would have been dispositive of count one.”[1]
The stipulation is not clear. The State may have merely agreed that those motions which were legally dispositive under Brown v. State, 376 So.2d 382 (Fla.1979), were legally dispositive — that is, if the defendant prevailed in the appellate court on either of his motions to dismiss, such a decision would be dispositive of the case. The defendant, however, has not urged the trial court’s denial of his motions to dismiss as error on this appeal, a rather clear indication that the defendant understood the agreement to cover the motions to suppress.[2] But even if the suppression motions were to be covered by the stipulation, the State may have intended that if the results of the breathalyzer test and the defendant’s statements at the scene of the accident and the defendant’s statements at the stationhouse were suppressed, it would not proceed with the prosecution. On the other hand, the defendant may have understood the agreement to be that if either the results of the breathalyzer test or his statements at the scene of the accident or his statements at the stationhouse were ultimately suppressed, the State would not proceed with the prosecution. We simply cannot tell what the parties agreed to.
Moreover, in the present case, we cannot, as was done in Finney v. State, supra, ignore the ambiguity and undertake a review of all the defendant’s suppression claims, which, only if our review resulted in either the State or the defendant prevailing on all the rulings, would enable us to dispose of the case. We are prevented from such a complete disposition, because (a) if the stipulation covered only the motions to dismiss, the defendant has not urged reversal of these rulings, and we would be compelled to affirm; (b) if the agreement was that the State would not further prosecute if the defendant prevailed on the ruling denying suppression of his statements at the scene of the accident, the State’s concession on appeal that suppression of these statements was required under Section 316.066, Florida Statutes (1979), would compel us to reverse and order the defendant discharged. Thus, it is impossible for either the State or the defendant to prevail on all the trial court’s *639 rulings which may have been included within the ambiguous agreement.[3]
Accordingly, we relinquish jurisdiction to the trial court for the purpose of having the agreement as to dispositiveness clarified.[4] If no clear agreement can be reached, the trial court should permit the defendant to withdraw his nolo contendere plea or reaffirm that plea without any agreement.
Remanded for further proceedings.

. The State agreed to dismiss Count Two, charging vehicular homicide, upon the defendant’s entry of a nolo contendere plea to Count One.

. Had the defendant sought review only of the rulings on his motions to dismiss, then, independent of the agreement, these motions would be legally dispositive under Brown v. State, supra, and we would have jurisdiction to review these rulings. But had the defendant sought review of the rulings on his motions to dismiss along with the rulings on his motions to suppress, then because of the ambiguous agreement, the motions to dismiss would no longer be dispositive, since a ruling in the State’s favor on these motions would not end the case. The test for dispositiveness, under either Brown or Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff’d, 392 So.2d 1324 (Fla.1981), is whether our decision in favor of either party would end the case.

. Even were it not impossible, it is a waste of judicial labor for us to undertake review of all the claims for the sole purpose of determining whether they all can be decided in favor of one party or the other, when, if they cannot be so decided, we must send the matter back to the trial court for a clarification of the agreement.

. By virtue of the State’s agreement, as ambiguous as it is, we know that something is dispos-itive and that the defendant’s right to appeal survives the entry of his nolo contendere plea. The instant situation can be likened to that of a premature appeal where we hold the matter in abeyance awaiting the entry of an appealable order. See, e.g., Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980). Here we await the entry of an appealable agreement.