432 So.2d 780 (1983)
Railey CROSS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 81-1962, 81-1963.
District Court of Appeal of Florida, Third District.
June 14, 1983.
*781 Bennett H. Brummer, Public Defender, John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant, defendant below, appealed from the entry of final judgment of conviction and sentence following his nolo contendere plea after his motion to suppress evidence was denied. We relinquished jurisdiction to the trial court with directions to hold hearings and take testimony in order to certify to this court whether the motion to suppress was dispositive of the issues in this case. See Martinez v. State, 420 So.2d 637 (Fla. 3d DCA 1982). The trial judge having determined that the motion to suppress was dispositive, we may now review the decision on the merits. For the reasons set forth below, we affirm the trial court's denial of appellant's motion to suppress.
Upon responding to a call at 10:15 a.m. on June 3, 1981, Officer Jesus Garcia was told by Isiah Murray that his residence and a nearby packing house had been burglarized. While Officer Garcia was talking to Mr. Murray, Herman Byars, a neighbor, drove up and told Officer Garcia that he had just seen a black male wearing red clothing run from the east (front) side of the burglarized packing house. Officer Garcia drove around to the front of the packing house and saw the appellant, a black male who was wearing red pants and a dark shirt, running across the street into a grassy, grove area. Officer Garcia radioed for backup police help and gave chase. Garcia also yelled, "Police officers. Stop." Appellant turned, saw the marked police car Garcia was driving, and continued to run. After a twenty minute chase, during which other police officers took part, Officer Garcia caught the appellant who was hiding face down in an area of tall grass. Appellant was handcuffed, given the Miranda warnings, and placed in the police car. A pair of socks and gloves which were hanging out of appellant's back pocket were taken from him as evidence. The appellant was taken back to the packing house where Mr. Byars identified him as the person he had seen running from the building. At that point appellant was searched and food stamps and a food stamp card with Mr. Murray's name on it were found in appellant's shirt pocket.
*782 Appellant was charged by a four count information with burglary of a building, burglary of a dwelling, theft of tools, and possession of burglary tools (the socks and gloves). At the same time, an affidavit of violation of probation was filed, advising the court that the terms of appellant's probation for an earlier conviction of grand theft, second degree had been violated by his being charged with a new offense.[1] The appellant filed a motion to suppress the evidence, which was allowed to be adopted as to both cases. A hearing was held on the motion to suppress and the motion was denied. Since the testimony on the motion to suppress was adopted as the testimony on the violation of probation also, at the conclusion of the suppression hearing the appellant was found guilty of violation of probation. Thereafter, the state attorney entered a nolle prosse as to Counts I, III, and IV of the four count information and appellant pled nolo contendere to Count II, burglary of a dwelling, reserving the right to appeal the denial of the motion to suppress. Appellant was sentenced to five years imprisonment in each case with the sentences to run consecutively.
Appellant argues that, based on Mr. Byars' description, Officer Garcia did not have probable cause to arrest him. He points out that when Garcia began the chase he knew only that a man in red clothing had been seen in the vicinity (and never nearer than 100 feet) of the burglarized structure. He also notes that no one saw the offense take place. Appellant argues that the fact that he was in the vicinity of a burglary and then attempted to avoid the police did not create sufficient probable cause so as to warrant the arrest made immediately upon catching him.
It is well settled that in order to make a valid warrantless arrest under the fourth amendment to the United States Constitution and article I, section 12 of the Florida Constitution, probable cause must exist prior thereto. D'Agostino v. State, 310 So.2d 12 (Fla. 1975); Sands v. State, 414 So.2d 611 (Fla. 3d DCA 1982); State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979). Probable cause is defined as a reasonable ground for suspicion, or knowledge of facts and circumstances which would warrant an individual of reasonable caution in believing that an offense had been committed. Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982); State v. Keen, 384 So.2d 284 (Fla. 4th DCA 1980). A law enforcement officer has probable cause to arrest if he has reasonable grounds to believe that the person has committed a felony. Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981); section 901.15(3), Florida Statutes (1981). In sum, probable cause exists where the facts and circumstances, as analysed from the officer's knowledge, specialized training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed. State v. Outten, 206 So.2d 392 (Fla. 1968); Wright v. State, supra; Sands v. State, supra; State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981); State v. Keen, supra; State v. Lynch, 378 So.2d 829 (Fla. 2d DCA 1979). Finally, the facts constituting probable cause need not reach the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based. State v. Outten, supra; State v. Shriner, supra; Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982); Wright v. State, supra.
The totality of the facts and circumstances of the instant case are such that Officer Garcia had reasonable grounds to believe that the appellant had committed the felonies in question. Mr. Byars had given him a description of a man he had seen running from the burglarized packing house. Garcia saw the appellant, who matched the description, running away. He identified himself as a police officer and *783 told appellant to stop. Appellant turned and saw both Officer Garcia and the marked police car. He continued to run. It took twenty minutes and several police officers to catch him. When appellant was found, he was attempting to hide from the police. He had socks and gloves hanging out of his back pocket. We find that Officer Garcia had sufficient probable cause to arrest the appellant at that time. That probable cause to arrest was further buttressed by Mr. Byars' subsequent identification of appellant as the man he had seen running from the packing house.
In State v. Coron, 411 So.2d 237 (Fla. 3d DCA 1982), this court upheld the arrest of a man for second degree murder where, even though the victim's description was dissimilar to the defendant's actual appearance, the victim's son-in-law identified the defendant as being one of the two men involved in the crime. In Sharpe v. State, 370 So.2d 42 (Fla. 1st DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980), cert. denied, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980), the court held that there was probable cause for arrest where the defendant attempted to flee when state agricultural inspectors began to inspect his truck. See also Law v. State, 204 So.2d 741 (Fla. 2d DCA 1967). The cases cited by appellant in his brief are inapposite since none of the facts of those cases begin to approximate the totality of the circumstances presented in the case sub judice.
Based on the foregoing, we conclude that the officer had probable cause to arrest. Because the arrest was valid, the search incident to that arrest, where the stolen food stamps and food stamp card were found in appellant's shirt pocket, was also reasonable. Sands v. State, supra; State v. King, 405 So.2d 770 (Fla. 5th DCA 1981); State v. Ramos, supra. The trial court properly denied appellant's motion to suppress the evidence seized during the arrest and subsequent search.[2] We affirm the decision of the trial court.
Affirmed.
DANIEL S. PEARSON, Judge, concurring.
I point out that because the trial court correctly denied the motion to suppress, there is no need to discuss the impact, if any, of the recent amendment to Article I, Section 12, Florida Constitution, on State v. Dodd, 419 So.2d 333 (Fla. 1982), or the applicability, if any, of the recent amendment to searches and trial court rulings on motions to suppress, which, as here, occurred before both the passage and effective date of the amendment.
NOTES
[1] The two causes, 81-1962 (conviction of burglary of a dwelling) and 81-1963 (revocation of probation and imposition of sentence for grand theft) were consolidated for purposes of this appeal.
[2] Because the exclusionary rule applies in probation revocation proceedings, had the trial court suppressed the evidence from the burglary of the dwelling it could not then use the same evidence to revoke appellant's probation. State v. Dodd, 419 So.2d 333 (Fla. 1982). Since the trial court denied the motion to suppress, however, the evidence from the burglary could be used to find that the appellant had violated the terms of his probation and that imposition of sentence was appropriate.