## STATE OF FLORIDA v BETANCOURT

Case No. 86-227 AC (County Court Case No. 23754, 5 BF)

Eleventh Judicial Circuit, Appellate Division, Dade County

June 22, 1988

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, and **Richard L. Polin,** Assistant Attorney General, for appellant.

No appearance on behalf of appellee.

Before FEDER, FULLER, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

A State Trooper made a valid traffic stop of the defendant at 3:30 a.m. When the Defendant emerged from the car, he was staggering and had a smell of alcohol on his breath. A roadside sobriety test was not performed because the trooper could not communicate with the Spanish speaking Defendant. The Defendant was arrested and thereafter scored poorly on his breathalyzer test.

The Trial Court suppressed the damaging evidence citing a denial of Defendant's Equal Protection under the Fourteenth Amendment of the United States Constitution.

WE REVERSE.

There is no fundamental right to a roadside sobriety test. Where fundamental rights are not involved, a governmental act will be upheld if it is rationally related to any legitimate governmental objective, *(Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312 (1986); *Nelson v. M.T. Mustian,* 502 F.Supp. 698 (1980)).

The government's interest in maintaining English as the national and therefore local language, the fiscal and administrative burdens of consistently being required to seek a roadside interpreter, trained in the language of every possible driver and the risk of permitting an intoxicated individual to drive are sufficient to uphold that police officer's act in not seeking a roadside interpreter.

Further, since Defendant's walk was staggered and unbalanced, and alcohol was detected on his breath, sufficient probable cause existed to arrest the Defendant. See also *Cross v. State,* 432 So.2d 780 (Fla. 3d DCA 1983).

It is therefore ordered that the Trial Court's order be reversed on the grounds that no Equal Protection Right was violated and probable cause existed to arrest the Defendant. The cause shall now proceed to Trial and ultimate disposition.