PER CURIAM.
The State appeals an order granting the defendant’s motion to suppress a medallion seized from the defendant and a photograph taken of the defendant while in custody. We reverse.
The victim of a truck hijacking gave a detailed description of the perpetrator, including the fact that the perpetrator had a one-inch scar near his left eye. The victim also reported that the perpetrator had stolen a .Saint Lazarus medal and gold chain which the victim had been wearing. Ten days after the theft, the police received a tip from an anonymous informant who stated that the defendant had been boasting that he had hijacked a truck containing electronic equipment and had also obtained a medallion and gold chain. The informant indicated that the defendant had “done him wrong” and had tried to rob him. The informant told the police where the defendant could be found and cautioned the police that the defendant was armed.
The police proceeded to the location indicated by the informant as the place where defendant could be found. The defendant was there, and his description matched that given by the victim, including the one-inch scar near the left eye. The defendant was wearing a medallion and gold chain which fit the description of the one stolen from the victim. The police took the defendant into custody, seized the medallion and chain, and transported the defendant to the station for a photograph to be taken which could be shown to the victim in a photo lineup.
The trial court granted the defendant’s motion to suppress the medallion and the photograph, reasoning that the medallion and the photograph were the products of an unlawful, warrantless search and seizure of the defendant’s person. We disagree.
Under the facts present here, the victim had given the police a detailed physical description of the perpetrator,[1] the details of the crime, and a description of the medallion and gold chain. The function served by the tip was to provide the location at which the police could find a man said to have boasted that he had hijacked a truck filled with electronic equipment. Upon proceeding to the stated location, the officers observed for themselves that the defendant corresponded to the very specific description given by the victim. The defendant was wearing a medallion corresponding to the description of the one stolen from the victim. In those circumstances the officers had probable cause to arrest the defendant. See Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983); McKee v. State, 430 So.2d 983, 985 (Fla. 3d DCA), review denied, 437 So.2d 677 (Fla.1983); cf. State v. Maya, 529 So.2d 1282, 1285 (Fla. 3d DCA 1988) (anonymous tip plus officers’ observations supplied probable cause). Contrary to appellee’s assertion, this is not a case in which the credibility of the informant is relied on to supply probable cause, although the informant’s statements did corroborate information already obtained from the crime victim. See State v. Maya, 529 So.2d at 1285. See generally Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The medallion was properly seized, and the defendant’s photograph taken, pursuant to a lawful arrest.[2] The order under review is therefore reversed and the cause remanded for further proceedings.

. The perpetrator was described as a black male, between five-eight and five-nine, 160 pounds, 28 to 30 years of age, dark complexion, medium black hair with inch scar on the left eye, wearing blue jeans.

. As there was probable cause to make an arrest, we need not consider the State’s alternative contention that the officers’ initial encounter with the defendant did not amount to an arrest.