606 So.2d 480 (1992)
Sheila Lisa BROERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02745.
District Court of Appeal of Florida, Second District.
October 16, 1992.
Arthur N. Eggers of Arthur N. Eggers, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Sheila Broers challenges the revocation of her probation, contending that the terms of the written order are inconsistent with the trial court's oral pronouncement and *481 the evidence upon which the revocation is based. We agree with her contentions and reverse the trial court.
Sheila's probation was revoked on July 3, 1991. The trial court declared her "guilty of child abuse endangerment by placing her daughter in an intolerable situation" on January 20, 1991. The revocation order states that she had violated probation in the following manner:
In that the probationer was found to be in Possession of Marijuana on 1/20/91 as evidenced by a search of the probationer's trash, ... .
In that the probationer did commit the offense of Child Abuse/Endangerment by placing her 2 year old daughter in an environment of illegal drug activity as evidenced by possession of Marijuana found in her home during a Search Warrant [executed] on 1/30/91.
In that the probationer was found to be in possession of drug paraphernalia as evidenced by a seizure of the probationer's trash on 1/20/91 ..., which revealed a Cola can with holes in it used for smoking Cocaine. The can Valtox tested positive for Cocaine residue found inside.
The facts underlying the bases for the revocation order began in January, 1991, when the Hillsborough County Sheriff's Office initiated surveillance of a home at which Sheila, her husband, their child, and four others, including her parents, resided. Sheriff's deputies monitoring the house observed "heavy" vehicular traffic coming to and from the premises, the typical visit lasting only three to five minutes. The search of vehicles seen leaving the house consistently yielded unlawful drugs. Because the authorities were not able to ascertain from the occupants of the vehicles the source of their drugs, on January 17 and 20, 1991, the deputies seized bags of garbage that had been placed at the end of the driveway leading from the Broers' residence. An examination of the refuse revealed marijuana residue inside a plastic grocery bag, and cocaine residue and marijuana stems inside a soft drink can into which holes had been punctured. The surveillance team had not observed who had carried the garbage to the street, and the sheriff's office neglected to conduct fingerprint analysis on the items they seized. With the evidence acquired from the garbage, however, the sheriff's office obtained a warrant to search the Broers' residence on January 30, 1991. The search incident to execution of the warrant disclosed a quantity of marijuana that Mr. Broers, Sheila's husband, had stashed in the kitchen refrigerator. Mr. Broers admitted the drugs were his. Although Sheila was present during the search, her two year old child was not. Sheila's parents had for some time prior to and on that day been caring for the child elsewhere.
It is well settled that a written order revoking probation must conform to the findings stated at the revocation proceeding. Harrington v. State, 570 So.2d 1140 (Fla.4th DCA 1990); Robinson v. State, 468 So.2d 1106 (Fla.2d DCA 1985). The trial court in this instance wholly failed to express a finding that Sheila had been in possession of marijuana or drug paraphernalia. Thus we strike from the order the first and third violations.
Turning to the conduct relied upon as the second ground for revoking Sheila's probation, we find that the proof does not describe behavior regulated by section 827.04(3), the statute condemning criminal action contributing to the delinquency of a minor.[1]See, e.g., Llabona v. State, 557 So.2d 66 (Fla.3rd DCA), dismissed, 564 So.2d 488 (Fla. 1990); Yesnes v. *482 State, 440 So.2d 628 (Fla. 1st DCA 1983); State v. Lynch, 378 So.2d 829 (Fla.2d DCA 1979). The statute does not require that an underlying criminal act be achieved, Purvis v. State, 377 So.2d 674, 678 (Fla. 1979), but a violation does occur when an individual commits an act "under such circumstances that a person of common understanding would know that they would cause or tend to cause or encourage or contribute to the delinquency or dependency of a person under the age of eighteen years." State v. Shamrani, 370 So.2d 1, 2 (Fla. 1979). Here, however, it is not even remotely likely that Sheila's two year old daughter, who was not in the premises when the contraband was found, would have been adversely affected either by its presence or discovery. Moreover, the trial court's announced second revocation ground is at odds with the ultimate order. It appears from the record that the trial court orally referred to the sheriff's January 20 garbage examination; that date is neither the date upon which the state relies in its charging document nor the date referred to in the revocation order.
Finally, the state offered some proof linking Sheila to the drugs seized on January 30, 1991. Nonetheless, the drugs were not found in an open area of the home, but were taken from inside the refrigerator. It is significant that Sheila, and, only at times her daughter, shared the home with five others  Sheila's mother and father, who were the homeowners, her husband, and a married teenage couple. Hence, the only inculpatory evidence disclosed by this record, evidence we find woefully inadequate to satisfy the state's burden, is that Sheila occupied the drug-infested premises with others. The mere presence of marijuana, concealed from plain view, does not establish knowledge, especially when the harboring premises are jointly occupied. See Brown v. State, 428 So.2d 250 (Fla.), cert. den., 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Rita v. State, 470 So.2d 80 (Fla. 1st DCA), rev. den., 480 So.2d 1296 (Fla. 1985).
Accordingly, we reverse and vacate the revocation order and remand for the trial court to restore Sheila to probation.
DANAHY, A.C.J., and PARKER, J., concur.
NOTES
[1] Section 827.04(3), Florida Statutes (1989), provides in pertinent part:

Any person who commits any act which thereby causes or tends to cause or encourage any person under the age of 18 years to become a delinquent or dependent child, as defined under the laws of Florida, or which contributes thereto, or any person who shall, by act, threats, commands, or persuasion, induce or endeavor to induce any person under the age of 18 years to do or to perform any act, to follow any course of conduct, or so to live, as would cause or tend to cause such person under the age of 18 years to become or to remain a dependent or delinquent child, as defined under the laws of this state, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.