CASANUEVA, Judge.
We review a conviction and sentence following revocation of Nathaniel Earl Robinson’s probation. Mr. Robinson asserts that there was insufficient evidence for the trial court to find that he violated conditions five and seven of his probation. We agree and reverse.
The amended affidavit of violation of probation first alleged that Mr. Robinson tested positive for cannabinoid. The State called Mr. Robinson’s probation officer, Troy B. Miller, who testified that he took a urine sample from Mr. Robinson and shipped it to PharmChem Laboratory for analysis. Over a hearsay objection, he further testified that PharmChem’s report indicated that the sample tested positive but did not identify the substance which caused the positive result. The report itself was not admitted into evidence.
Although hearsay testimony is admissible in a probation revocation hearing, if the hearsay would not be admissible at a criminal trial, it is insufficient, standing alone, to establish a violation of probation. Gammon v. State, 778 So.2d 390 (Fla. 2d DCA 2001); Soto v. State, 727 So.2d 1044 (Fla. 2d DCA 1999). Here, Mr. Miller’s testimony was clearly hearsay that would have been inadmissible at a criminal trial. See § 90.803(6), Fla. Stat. (2001). Because no other evidence was brought *893 forth to support the alleged violation, the evidence failed to establish it. Accordingly, we reverse the court’s determination that a violation of condition seven was established.
The State further alleged that Mr. Robinson also violated condition five of his probation by committing the offenses of possession of less than twenty grams of marijuana, possession of drug paraphernalia, and possession of less than twenty grams of marijuana with intent to distribute. The evidence the State presented to substantiate these crimes was that on July 12, 2001, around 1 a.m.,' a Charlotte County sheriffs deputy stopped a car carrying three people; Mr. Robinson was sitting in the front passenger seat. The deputy testified that after stopping the vehicle for speeding he observed the three occupants moving around. He called for a canine unit, which arrived about ten minutes later. The dog alerted on the vehicle. From underneath the front passenger seat, the deputy removed a brown bag that contained two small plastic baggies. Without administering a test of any type, but based on his training and experience, the deputy determined the baggies contained marijuana and arrested all three occupants. The State presented no evidence to show that Mr. Robinson owned, leased, or had ever driven the vehicle. Mr. Robinson claimed the driver’s girlfriend had rented the car and that he was asleep when it was stopped.
Based on C.M. v. State, 818 So.2d 554 (Fla. 2d DCA 2002), and Broers v. State, 606 So.2d 480 (Fla. 2d DCA 1992), we conclude that the evidence was insufficient to support revocation of Mr. Robinson’s probation. In C.M., we held that in a jointly-occupied vehicle, the interior of which was hazy with marijuana smoke, where baggies of marijuana were found beneath the floor mat where the defendant was sitting, there was insufficient evidence to find the defendant guilty of possession of marijuana. The State was unable to prove that the defendant knew of the presence of the marijuana, knew of its illicit nature, and had the ability to exercise control over it. Id. at 555. In Broers, during the execution of a search warrant for the defendant’s home, which she shared with her husband, their child, and four others, marijuana was found in the kitchen refrigerator. The defendant was present during the search and when her husband admitted the drugs were his. Based on this, the trial court revoked her probation Id. at 481. Despite her husband’s admission, we concluded:
Hence, the only inculpatory evidence disclosed by this record, evidence we find woefully inadequate to satisfy the state’s burden, is that [the defendant] occupied the drug-infested premises with others. The mere presence of marijuana, concealed from plain view, does not establish knowledge, especially when the harboring premises are jointly occupied.
Id. at 482 (emphasis added). The evidence the State presented of Mr. Robinson’s possession of the marijuana in the car was also woefully inadequate to satisfy its burden to prove that he possessed contraband or paraphernalia. Accordingly, we reverse and vacate the revocation order and remand for the trial court to restore Mr. Robinson to probation.
SALCINES and KELLY, JJ., Concur.