POLEN, J.
This appeal arises out of a conviction for contributing to the delinquency or dependency of a child in violation of section 827.04(l)(a), Florida Statutes (2002), a first degree misdemeanor. Specifically, appellant Gregory Kito, contests the denial of his motion for judgment of acquittal. “In reviewing a motion for judgment of acquittal, a de novo standard of review applies.” Johnston v. State, 863 So.2d 271, 283 (Fla.2003). We reverse Kito’s conviction and remand for discharge.
At the time of trial, the sixteen year old alleged victim (hereinafter “Minor”) testified that after moving in with her grandparents, she began to spend time at the Kitos’ house almost every day but that Kito was usually at work. While with Kito’s wife, Gloria, the Minor would often drink alcohol supplied by Gloria and was also free to smoke marijuana supplied by the Minor’s boyfriend. The Minor testified that Kito had nothing to do with her alcohol or drug use while she was in the house but that he was home a few times when she was either smoking marijuana or drinking. However, the following exchange occurred at trial:
Defense: [Kito] certainly didn’t say to you, come on, have a beer, sleep at our house, right?
Minor: No.
Defense: He didn’t say, come to our house, hang out, smoke some marijuana, right?
Minor: No.
Defense: In fact, [Kito] never encouraged you at any point in time to hang out at the house and smoke marijuana and drink beer?
Minor: No.
Defense: He never enticed you, hang out at our house, it’s a fun house, you can drink and smoke all you want, did he?
Minor: No.
Defense: He wasn’t even around most of the time. He was working right?
Minor: Yes.
Defense: Most of the time Gloria was around?
Minor: Yes.
Defense: And she was the one that let you drink in the house?
*116 Minor: Yes.
Defense: And the only person that ever provided marijuana to you at the Kito residence was your boyfriend, Shawn Bender?
Minor: Yes.
Defense: Kito had nothing to do with your alcohol or drug consumption in his house?
Minor: No.
Kito was charged under section 827.04(l)(a), which finds that any person who “[cjommits any act which causes, tends to cause, encourages, or contributes to a child becoming a delinquent or dependent child or a child in need of services” is guilty of a misdemeanor. The Florida Supreme Court found a violation would occur “under such circumstances that a person of common understanding would know that they would cause or tend to cause or encourage or contribute to the delinquency or dependency of a person under the age of eighteen years.” State v. Shamrani, 370 So.2d 1, 2 (Fla.1979); see also Broers v. State, 606 So.2d 480, 482 (Fla. 2d DCA 1992).
In this context, “knowledge” means that there was a substantial and unjustifiable risk that the acts engaged in would cause or tend to cause or encourage delinquency. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of conduct that a law-abiding person would observe in the actor’s situation.
Shamrani, 370 So.2d 1, 2 n. 3.
We find that the State failed to show Kito had any actual knowledge that the Minor was consuming drugs or alcohol in his home. The State argues that by his mere presence in the home on a “few” occasions Kito is guilty of knowingly contributing to the Minor’s delinquency. However, nowhere in the testimony is Kito accused of knowing that his wife was providing alcohol to the Minor and the Minor does not testify, or even so much as imply, that Kito knew she was drinking or smoking marijuana in the house. In addition, when asked if she had consumed any alcohol or drugs on a specific date when Kito was allegedly at home, the Minor responded “I might have. I don’t remember.” Therefore, the State’s argument is left to rest on the untenable idea that there is a substantial and unjustifiable risk that the simple act of allowing a minor to spend every day with one’s adult wife would cause or tend to cause or encourage delinquency. And further, that this alleged risk is so great that Kito’s failure to restrict his wife’s selection of guests is a gross deviation from the standard of conduct that a law-abiding person would observe in the actor’s situation. See Sham-rani This idea and the argument that actual knowledge is not necessary, conflicts with the historical decisions regarding the statute at bar. Therefore, because no direct testimony was offered showing that Kito had any knowledge of the Minor’s drug or alcohol consumption, we find that the State failed to establish evidence which excluded every reasonable hypothesis except that of guilt and when taking the evidence in the light most favorable to the State and making all inferences in favor of the State, the evidence is insufficient to find, beyond a reasonable doubt, that Kito had or even should have had knowledge of the Minor’s activities. Therefore, we remand with instructions for the trial court to enter a judgment of acquittal.
TAYLOR and MAY, JJ., concur.